# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

In the Matter of the Petition of FRANK R. HOUGH-
TON and Another to Vacate an Assessment, Etc.

20  395
11ap424

*Contract for constructing sewer — when the contractor must pay the damages occa-
sioned to gas-pipes.*

Appeal by the petitioners from an order made at Special
Term denying the prayer of the petition to vacate an assessment.

The court, at General Term, said : "On this appeal but one
objection to the validity of the assessment is urged, and that is,
that there is included in it the sum of $4,334, for certain damage
to the pipes or mains of the Harlem Gas Light Company, and
the objection rests upon the following provision in the contract
for the construction of the sewer :

"'All loss or ·damage arising out of the  nature of the work to
be done under this agreement, or from any unforeseen or unusual
obstruction or difficulties which may be encountered in the prose-
cution of the same, or from the action of the elements, shall be
sustained by the contractor aforesaid.'

"This covenant, as a matter of construction, necessarily imposes
upon the contractor the payment of any damage to the pipes or
mains done by the work or resulting from it, because their
existence could have been ascertained, and, it must be presumed
from the nature of the covenant, was understood and regarded as
an obstacle arising out of the nature of the work, and by which
loss or damage might arise. Indeed, the agreement extends
further, because it covers unforeseen or unusual obstructions or
difficulties which might be encountered in the prosecution of the
work to be done under the contract.  The allowance complained
of must have arisen from the damage done in the construction of
the sewer, and was at variance with the plain terms of the con-

tract by which such damage was to be borne by the contractor. The view taken of the contract by the learned counsel for the corporation is erroneous. He seems to think that the contractor bound himself to do no more than to be responsible for all loss or damage which he might do, and to make no claim against the city for loss or damage which he might sustain by the unforeseen and unusual difficulty of the work. This is not, as suggested, a correct view of the obligation assumed. The city makes the contract with reference to existing things and unforeseen difficulties, and not only covers the charge for extra work which might be presented by the contractor arising from them, but also claims which might, by his performance of the work, be made upon it for damage done. He has, as suggested, the opportunity to learn of the existing things, such as pipes or mains for gas, on the line of the improvement, and to protect himself against unforeseen difficulties by demanding *in limine* sufficient indemnity. For these reasons it appears that the allowance objected to should not have been included in the assessment."

*Irving Ward*, for the appellants. *J. A. Beall*, for the respondent, the city of New York.

Opinion by BRADY, P. J.; INGALLS and DANIELS, JJ., concurred.

Order reversed.